UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Yesica L. BOZA, | Case No.: 25-cv-3526-AGS-SBC |
|---|---|
| Plaintiff | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 2)** |
| v. | |
| Pamela BONDI, et al., | |
| Defendants. | |

Plaintiff Yesica Boza requests a temporary restraining order precluding defendants "from detaining her" at her "adjustment of status interview" tomorrow ("December 16, 2025"). (ECF 2, at 2–3.) Because Boza fails to establish that she is likely to suffer imminent harm, her motion is denied.

Rather than contend with the merits of the claim, defendants assert that "the Court lacks jurisdiction to issue a temporary restraining order," because plaintiffs have not properly "[s]erved" defendants. (ECF 5, at 2.) After all, service is typically a precondition to exercising personal jurisdiction. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons"). Some courts hold that, until service is complete, the Court may not order emergency injunctive relief. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Yet others, relying on Federal Rule of Civil Procedure 65, conclude that "a district court may issue a temporary restraining order without written or oral notice to the adverse party if, among other things, plaintiff 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Camargo Alejo v. Vista Det. Facility*, No. 3:25-cv-0258-AGS-JLB, 2025 WL 2084925, at *2 (S.D. Cal. July 24, 2025) (quoting Fed. R. Civ. P. 65(b)(1)); *see also Security & Exch. Comm'n v. MCC Int'l Corp.*, No. 22-12281, 2024 WL

1

1508281, at *2 (11th Cir. Apr. 8, 2024) (holding that "Federal Rule of Civil Procedure 65(a) does not require service of process" (cleaned up)). The Court need not decide the question today, however, as plaintiff has not met her burden to justify a temporary restraining order.

Turning to the merits, a temporary restraining order, like all injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Boza must clearly demonstrate that: (1) "[s]he is likely to succeed on the merits"; (2) "[s]he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [her] favor"; and (4) "an injunction is in the public interest." *Id*. at 20; *see also Synopsys, Inc. v. AzurEngine Techs.*, 401 F. Supp. 3d 1068, 1072 (S.D. Cal. 2019) ("The standard for obtaining a temporary restraining order is identical to the standard for obtaining a preliminary injunction, with the primary difference being [timing].").

Plaintiff has not shown that she "is *likely* to suffer . . . harm in the absence of preliminary relief." *See Winter*, 555 U.S. at 20 (emphasis added). She asserts that when "Adjustment of Status Applicants," like plaintiff, "admit[] under oath to overstaying [their] non-immigrant visa," United States Citizenship and Immigration Services' "San Diego Field office has started [a] practice" of "referring" them "to Immigration and Customs Enforcement in the middle of their interview." (ECF 2, at 3, 5.) Beyond this general allegation, she does not cite to any policies, practices, or communications from defendants clearly demonstrating that this is likely to happen to *plaintiff*. (*See generally* ECF 1.) And "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Thus, without more concrete facts about the likelihood of her detention, the court cannot enjoin defendants.

The motion for temporary restraining order (ECF 2) is **DENIED**.

1 | Dated:  December 15, 2025

Hon. Andrew G. Schopler
United States District Judge